UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08-CVP-363-H

THOMAS E. STEWART                                                                                   PETITIONER

v.

JOHN MOTLEY, WARDEN                                                                      RESPONDENT

## MEMORANDUM OPINION

This matter is before the Court for review of Petitioner Thomas E. Stewart's response to show cause why this *pro se* habeas petition should not be dismissed as time-barred under 28 U.S.C. § 2244.  Specifically, the Court directed Petitioner to address whether the Court should equitably toll the limitations period. In his response, Petitioner argues the limitation period was suspended for a longer period of time than the Court credited and argues for equitable tolling during the additional three and a half months before filing this federal petition.  Even if the Court accepts Petitioner's calculations and argument, the petition remains untimely filed.  The Court further concludes the circumstances cited by Petitioner do not warrant equitably tolling the one-year limitation period.

As set forth in this Court's previous opinion and order (docket no. 5), the running of the one-year limitation period was suspended during the pendency of the 11.42 motion, but with only *four days* remaining on the clock.[1]  Petitioner argues the pendency of the 11.42 motion was

---

[1] This Court stated:

> Petitioner's conviction became final on or about February 23, 2006, ninety days after the period during which he could have sought Supreme Court review of the Kentucky Supreme Court's order denying rehearing on November 23, 2005.  The one-year limitation period began to run and was, therefore, due to expire on or about February 23, 2007. But Petitioner's 11.42 motion, filed February 19, 2007, suspended the clock with four days of the one-year limitation period remaining.  Once the trial court denied the 11.42 motion, on March 28, 2007, the clock began to run again, and the remaining four days expired on or about April 1, 2007.  Petitioner filed this federal petition in July, 2008, well outside the one-year limitation period.

longer than this Court credited for two reasons. In the first instance, the state court denied the 11.42 motion on March 28, 2007, but because of clerical error, the state court only mailed the order in compliance with the state civil rules sometime later to Petitioner's counsel. In light of this error, the state court ordered Petitioner's notice of appeal, dated June 29, 2007, as timely filed. Petitioner argues, this date, June 29, 2007, is the correct date of the court's denial of the 11.42 motion. (Resp. at 3, line 5.) The second circumstance, according to Petitioner, is that although he failed to perfect his appeal, dismissal of his appeal occurred on or about March 18, 2008, the due date of his appellate brief, which Petitioner failed to file. (Resp. at 4, lines 14-18.) The pendency of this unperfected appeal, Petitioner argues, should be credited toward § 2244's suspension period.

If the Court accepts for purposes of argument Petitioner's allegations and thus calculates that the limitation period was suspended through March 18, 2008, the date alleged by Petitioner, the one-year limitation period expired four days later, on or about March 22, 2008. Petitioner filed this federal habeas petition by placing it in the prison mail system on July 7, 2008, more than three and half months after § 2244's limitation period expired.

Petitioner argues the Court should equitably toll these remaining months essentially because of ignorance of the law, lack of access to state court pleadings, meager resources and limitations to legal assistance in prison. In *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), the United States Court of Appeals for the Sixth Circuit set out specific factors the district court must consider, including a petitioner's diligence in pursuing his rights, if the limitation period is to be equitably tolled. The Sixth Circuit further cautioned that equitable tolling should "be applied sparingly." *Id.*, at 1008; *see also Griffin v. Rogers*, 308 F.3d 647 (6th Cir. 2002) (stating the applicant bears the burden of demonstrating entitlement to equitable tolling);

*Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). None of the circumstances described by Petitioner excuses the lack of diligence or otherwise warrants applying the doctrine of equitable tolling in this case.

Therefore, the Court will enter a separate order dismissing this petition as time-barred.

### CERTIFICATE OF APPEALABILITY

Before seeking an appeal, § 2253 requires a petitioner to make a substantial showing of the denial of a constitutional right. This does not require a showing that the appeal will succeed. *Slack v. McDaniel*, 529 U.S. 473 (2000). Rather, the petitioner must show that reasonable jurists could find debatable whether the petition should be resolved in a different manner or that the matter deserves further review. *Miller-El v. Cockrell*, 537 U.S. 322 (2003). This Court concludes no reasonable jurist could find debatable the conclusion that the petition is time-barred and that the circumstances in this case do not warrant equitably tolling the one-year limitation period.

DATED: July 28, 2009

John G. Heyburn II, Judge
United States District Court

cc: Petitioner, *pro se*
Respondent
Attorney General, Commonwealth of Kentucky

4412.007